IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHMIK BECKETT, | : | Civil No. 1:24-CV-00476 |
| Plaintiff, | : | |
| v. | : | |
| SGT. CLOSTON, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Rahmik Beckett ("Plaintiff"), a self-represented prisoner currently housed at the State Correctional Institution Rockview ("SCI-Rockview"), filed this civil rights action on March 19, 2024. (Doc. 1). Following the payment of the filing fee, the court served the complaint on the three Defendants on June 4, 2024. (Doc. 7.) On August 2, 2024, all three Defendants filed a motion to dismiss the complaint and a brief in support. (Docs. 19, 20).

After Plaintiff failed to respond to the motion to dismiss, the court entered an order directing Plaintiff to respond on or before September 13, 2024. (Doc. 11). This order warned Plaintiff in clear terms that "a failure to file a brief will result in the motion being deemed unopposed." (*Id.*). On September 9, 2024, the court received and docketed a motion for an extension of time from Plaintiff. (Doc. 12.) The court granted this motion and gave Plaintiff until November 1, 2024, to file a brief in opposition. (Doc. 13.) On November 7, 2024, the court

1

received and docketed a second motion for an extension of time from Plaintiff. (Doc. 14.)  The court granted this second motion and gave Plaintiff until December 23, 2024 to file a brief in opposition to Defendants' motion to dismiss.  (Doc. 15.)

This twice-extended deadline has passed with no brief in opposition from Plaintiff.  Accordingly, because Plaintiff has failed to respond to the motion and court orders or further prosecute his case, the court will grant the pending motion and dismiss the complaint under the Local Rules and Federal Rule of Civil Procedure 41(b).

## DISCUSSION

### A. Under Local Rules, the Motions will be Deemed Unopposed and Granted.

The Local Rules of this court provide that a party opposing a motion to dismiss must respond to the motion and "file a brief in opposition within fourteen (14) days after service of the movant's brief . . ."  Local Rule 7.6.  The Rule further advises that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion."  *Id.*  It is well established that courts may grant a motion to dismiss under Rule 7.6 "if a party fails to comply with the [R]ule after a specific direction to comply from the court."  *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

In this case, Plaintiff failed to comply with Rule 7.6, the court's Standing Practice Order, and the court's orders on August 26, 2024, September 9, 2024, and

November 7, 2024, because he has not filed a timely response to the motion to dismiss. The court considers "a basic truth: we must remain mindful of the fact that 'the Federal Rules are meant to be applied in such a way as to promote justice.'" *Lease v. Fishel*, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998)). Thus, the court must ensure that a party's failure to comply with the rules does not prejudice those parties who follow the rules.

Here, Plaintiff has failed to respond to the motion to dismiss, which prejudices Defendants' ability to move the case forward. Therefore, pursuant to Rule 7.6, the motion will be deemed unopposed and granted.

### B. Dismissal Under Rule 41 is Warranted.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss a civil action for failure to prosecute or to comply with the Federal Rules or court orders. Fed. R. Civ. P. 41(b). Dismissal under this rule rests with the discretion of the court and will not be disturbed absent an abuse of discretion. *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). The court's discretion is governed by what are commonly referred to as the *Poulis* factors:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was

3

> willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Emerson*, 296 F.3d at 190 (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

In making this determination, "no single *Poulis* factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Moreover, "not all of the *Poulis* factors need be satisfied" to dismiss a complaint for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). As the Court of Appeals has explained, "[i]n balancing the *Poulis* factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek*, 964 F.2d at 1373).

In this case, an analysis of the *Poulis* factors leads the court to conclude that this case should be dismissed. Consideration of the first factor, the party's personal responsibility, indicates that the delays are entirely attributable to Plaintiff, who has failed to abide by court orders and respond to the motion to dismiss.

The second factor, prejudice to the adversary, also weighs heavily in favor of dismissal. This factor is entitled to great weight as the Third Circuit has explained:

4

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Id.* at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. *Id.*; *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322 F.3d at 222.

*Briscoe*, 538 F.3d at 259–60. Here, Defendants are plainly prejudiced by Plaintiff's failure to comply with court orders or litigate this case, and the court finds that this factor weighs in favor of dismissal. *See e.g.*, *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital*, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

Considering Plaintiff's history of dilatoriness, dismissal is appropriate. As the Third Circuit has stated, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . ., or consistent tardiness in complying with court orders." *Briscoe*, 538 F.3d at 260-61 (quoting *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust*

5

*Fund*, 29 F.3d 863, 874 (3d Cir. 1994)) (quotations and some citations omitted). In the instant case, it is undisputed that Plaintiff has failed to file a response to the motion or to comply with court orders.

The court further concludes that the fourth factor, whether the conduct of the party was willful or in bad faith, weighs in favor of dismissal. With respect to this factor, the court must assess whether the party's conduct is willful, in that it involved "strategic," "intentional or self-serving behavior," or a product of mere inadvertence or negligence. *Adams*, 29 F.3d at 875. Here, where Plaintiff has failed to comply with court instructions directing him to act, the court is compelled to conclude that these actions are not inadvertent but reflect an intentional disregard for court instructions and for this case.

The fifth factor, the effectiveness of lesser sanctions, also cuts against Plaintiff in this case. Cases construing *Poulis* agree that when confronted with a *pro se* litigant who refuses to comply with court orders, lesser sanctions may not be an effective alternative. *See e.g.*, *Briscoe*, 538 F.3d at 262–63; *Emerson*, 296 F.3d at 191. Here, by entering a prior order advising Plaintiff of his obligations, the court has attempted lesser sanctions to no avail. Accordingly, dismissal is the only appropriate sanction remaining.

Finally, the court is cautioned to consider the meritoriousness of Plaintiff's claim. However, the court finds that consideration of this factor cannot save

Plaintiff's claims, as he has been wholly noncompliant with his obligations as a litigant. Plaintiff may not refuse to address the merits of his claims and then assert the untested merits as grounds for denying a motion to dismiss his claims. As explained above, no one *Poulis* factor is dispositive, and not all factors must be satisfied for Plaintiff's case to be dismissed. *See Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373. Accordingly, the untested merits of Plaintiff's claims, standing alone, cannot prevent the dismissal of those claims.

## CONCLUSION

For the above stated reasons, Defendants' motion to dismiss with be granted and the case will be closed. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: January 27, 2025